# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON THEODORE NELSON,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br><br>NANCY A. BERRYHILL, Officially as Acting Commissioner of the Social Security Administration,<br><br>　　　　　　　　　　　Defendant. | Case No.: 17-cv-00614-AJB-KSC<br><br>**ORDER AWARDING ATTORNEY'S FEES TO PLAINTIFF**<br><br>**(Doc. No. 26)** |

Pending before the Court is Plaintiff Aaron Nelson's motion for an award of attorney's fees, cost, and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. No. 22-1.) For the reasons set forth more fully below, the Court **GRANTS** Plaintiff's motion.

## I. BACKGROUND

Plaintiff initially sought judicial review of an administrative decision denying Plaintiff's application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act and Social Security Disability Insurance ("SSDI") benefits under

1

Title II of the Social Security Act. (Doc. No. 1.) On April 5, 2018, the Court entered judgment in favor of Plaintiff and remanded the case to the Commissioner under sentence four of 42 U.S.C. § 405(g). Plaintiff timely filed this motion for an EAJA award in the total amount of $15,507.05, representing 78.80 hours of attorney's services at the rate of $196.79. (Doc. No. 22-1 at 1, 6.) Plaintiff now seeks a total of $16,136.78 for an additional 3.2 hours to draft their reply to the Commissioner's opposition. (Doc. No. 25 at 2.)

## II. DISCUSSION

The EAJA provides that a prevailing party will be awarded reasonable attorney fees unless the government demonstrates that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government has the burden of proving that its position was substantially justified. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Commissioner does not contend that Plaintiff is not entitled to an award of fees under the EAJA. She argues, however, that Plaintiff's claimed hours were unreasonable and excessive, and that Plaintiff should therefore be reimbursed a reduced amount of $10,547.94. (Doc. No. 25 at 1.)

### A. Reasonableness of the Number of Hours Claimed

First, the Commissioner claims Plaintiff cannot recover fees for administrative or clerical tasks because the EAJA awards only attorney's fees. (Doc. No. 24 at 3.) Specifically, the Commissioner asserts that Plaintiff's entries on 3/28/2017, 5/2/2017, 6/16/2017, 7/10/2017, and 1/19/2018 for "form document preparation and filing and reviewing nonmerits documents" should be unrecoverable as overhead costs. (*Id*.) However, attorneys' tasks routinely include filing documents with the court. *See Singmoungthong v. Astrue*, No. 1:09CV1328 DLB, 2011 WL 2746711, at *5 (E.D. Cal. July 13, 2011) (permitting EAJA fees for "preparing service documents, serving Defendant, and filing the proof of service and consent form"). Additionally, minimal time

spent on litigation-related tasks may be reasonable in some circumstances. *See Vessell v. Astrue*, Case No. C08-0949-RSL, 2009 U.S. Dist. LEXIS 97911, at *12 (W. D. Wash. Sept. 18, 2009). Here, Plaintiff spent a minimal 1.1 hours over the course of one year drafting and filing documents with the court and checking on the case status. (Doc. No. 22-2, Exhibit B.) Thus, the district court fee request for 1.1 hours at the attorney's rate of $196.79, totaling $216.47, will be allowed.

Next, the Commissioner asserts that Plaintiff's billing of 34.1 hours on drafting a 10-page reply to her cross motion for summary judgment is unreasonable. (Doc. No. 24 at 4.) The Commissioner compares this to Plaintiff's drafting of the MSJ, which totaled 26 pages and was billed 30.6 hours. (*Id.*) Thus, the Commissioner contends, the Court should award no more than 10 hours for Plaintiff's work—reducing the Plaintiff's billing for drafting the reply by over 70 percent. (*Id.*) Plaintiff asserts his reply brief was not excessive because it did not duplicate the same issues or facts as the Plaintiff's motion for summary judgment, but rather responded directly to the Commissioner's arguments. (Doc. No. 25 at 3.)

As a general matter, cases interpreting 42 U.S.C. § 1988 are applied "to determine what constitutes a reasonable fee award under the EAJA." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (citing *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990)). A "reasonable attorney's fee" is determined by the "lodestar" method, which multiplies "'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Additionally, this Court's "inquiry must be limited to determining whether the fees requested by this particular legal team are justified for the particular work performed and the results achieved in this particular case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008). The court should also "generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Id.* at 1112. Moreover, "the

district court can impose a small reduction [for duplicative work], no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without more specific explanation." *Id.*

Here, Plaintiff prevailed in their reply to the Commissioner's cross-motion for summary judgment. Therefore, this Court must determine whether the Plaintiff's request is justified for the work performed. Plaintiff's reply brief indeed addressed the Commissioner's arguments in her cross motion for summary judgment, surpassing mere repetition of its original MSJ. However, the Commissioner's contention has some merit. While the Plaintiff reasonably billed 30.6 hours for their 26-page MSJ, the Plaintiff now bills 34.1 hours for a 10-page reply. Thus, this Court will award Plaintiff their fee request for 30.6 hours, a 10 percent reduction from the requested 34.1 hours, totaling $6,021.77.

### B. EAJA Fees Awarded Must Be Payable to Plaintiff

The Commissioner further contends that EAJA's plain language directs the court to award attorney fees to the prevailing party, rather than his attorney. (Doc. No. 24 at 5.) Thus, should this Court award EAJA fees, Plaintiff's counsel is not entitled to direct payment of EAJA fees. Plaintiff asserts that because Mr. Nelson signed an assignment of fees to counsel and believes he does not owe any debt to the United States Federal Government, Plaintiff's counsel is entitled to direct payment. (Doc. No. 25 at 3.)

Under *Astrue v. Ratliff*, the EAJA's plain language awards attorney's fees directly to the prevailing party—the litigant. *Astrue v. Ratliff*, 560 U.S. 586, 597 (2010). However, the Government may directly pay the prevailing party's attorney where the plaintiff both assigns payment of any award of fees and costs to the attorney and the plaintiff does not owe a debt to the federal government. *Id.*

Here, Mr. Nelson has signed an assignment of fees, directing payment to the Legal Aid Society of San Diego. (Doc. No. 25, Exhibit B.) Moreover, Mr. Nelson believes he does not owe any debt to the United States Federal Government. *Id*. Thus, without specific

4

evidence that neither of these requirements have been met by Plaintiff, the Commissioner must direct payment of any and all EAJA fees to the Legal Aid Society of San Diego.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's request for attorney's fees and costs and hereby awards $15,447.99 to Plaintiff as attorney fees. (Doc. No. 26.) Plaintiff must submit to Defendant detailed billing statements for all relevant periods within 15 days from the entry of this Order.

**IT IS SO ORDERED.**

Dated: May 23, 2019

Hon. Anthony J. Battaglia
United States District Judge